**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL E. MCKINZY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-00407-CV-W-DGK |
| | ) | |
| | ) | |
| THE KANSAS CITY STAR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Defendant's Motion for Attorneys' Fees and Suggestions in Support. Doc. 52. Plaintiff has failed to respond, despite being ordered to do so and warned that failure to respond would result in the Court ruling on the existing record. Doc. 54. For the reasons discussed below, Defendant's Motion is GRANTED IN PART.

### Background

This case arises from a series of similar cases filed by Plaintiff against various employers alleging racial discrimination by failing to hire him. Based on Plaintiff's litigation history and failure to participate in his own case, this Court awarded attorneys' fees to another defendant who was sued by Plaintiff. *McKinzy v. Kansas City Power & Light Company,* 10-00237-CV-W-DGK, Doc. 18 (October 1, 2010).

### Standard

The "American rule" is that parties bear their own attorneys' fees regardless of who prevails in the litigation. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 415 (1978) ("it is the general rule in the United States that *in the absence of legislation providing otherwise,* litigants must pay their own attorney's fees.") (emphasis added). Congress passed 42 U.S.C. §

2000e-5(k), which allows for reasonable attorneys' fees to a prevailing party in a Title VII discrimination case. The Supreme Court has held that prevailing defendants should only be awarded attorneys' fees in the case of a lawsuit which is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. A frivolous case is further defined as one "[lacking] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining the frivolity of Plaintiff's complaint, the Court "may consult its own records as an aid in determining whether the complaint is frivolous." *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975).

## Discussion

Plaintiff has managed to file, on average, two and a half lawsuits per year for the last 20 years as outlined in Defendant's Motion for Attorneys' Fees and Suggestions in Support. Doc 52. Almost half of those cases were filed with this Court. The pattern is recognizable: Plaintiff applies for a job that he may or may not be qualified for and when he does not receive a job offer, he files suit alleging employment discrimination based upon his race.

Not a single suit brought by the defendant in this Court has proceeded to trial nor has defendant ever been granted summary judgment by this Court. Plaintiff's penchant for filing discrimination claims is matched only by his propensity to avoid participating in his own lawsuits. In the present case the Plaintiff failed to appear for his own scheduled deposition, then after being repeatedly ordered to do so, he neglected to respond to Defendant's Bill of Costs. (Doc 32; Doc 37). Finally, Plaintiff had to be ordered to respond to Defendant's summary judgment motion. Doc 43. Plaintiff's continued abuse of the legal system, his lack of success in litigating claims, and his failure to participate in a case he initiated indicate the overall frivolity of his claim. Accordingly, prevailing defendant attorneys' fees are appropriate in this situation.

Reasonable attorneys' fees are determined by first multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983). Defendant requests 74.1 hours at $250 per hour for Ms. Amy Fowler, 93.9 hours at $250 per hour for Mr. John Phillips and Ms. Traci Martin, and 28.3 hours at $110 per hour for Ms. Kristine Hoernemann, a paralegal. This amounts to 196.3 hours of legal work totaling $45,133.79 in fees. In the Court's experience, these are reasonable rates for the Kansas City area.

The Court next looks at other facts that "may lead [it] to adjust the fee upward or downward…" *Hensley*, 461 U.S. at 434. There are twelve factors the Supreme Court outlined in determining adjustment of fees, however, "many of these factors…are subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Id.* at n.9. The financial situation of the party facing the fee is properly considered as a factor in adjusting the fee. *See, e.g., Kraeger v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1544 (11th Cir. 1985). Plaintiff received permission to proceed *in forma pauperis* in this and many of his other suits. Doc. 3. While the financial situation of a party is a relevant consideration, an award should be a deterrent, and "no fee will provide no deterrence." *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir. 1982).

The Court has considered the complexity of this case and the potential for a duplication of effort on the part of the Defendant's counsel. The case itself was not particularly complex, though dealing with Plaintiff's failure to participate likely complicated it to some extent. The utilization of three experienced attorneys and a paralegal, including two partners, may have been excessive and carries with it an increased likelihood of duplication of time expended, i.e., multiple review of the same material, the use of multiple attorneys' at meetings and conference

calls where one would suffice, etc. This, in addition to the financial condition of the Plaintiff, suggests that a downward reduction in fees is appropriate. Therefore the Court awards reasonable attorneys' fees to the Defendant in the amount of $22,566.90. Defendant's Motion is GRANTED IN PART.

**IT IS SO ORDERED**

DATE:  <u>February 11, 2011</u>                    <u>/s/ Greg Kays</u>
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT